# Rota v. Methodist Hospital

C.P. of Philadelphia County, August Term 1997, no. 425.

*Michael F. Barrett,* for plaintiffs.
*William J. Mundy,* for defendants.

GOODHEART, *J.,* November 6, 2000—This opinion is being filed for the limited purpose of explaining my decision, on June 21, 1999, to grant in part the defendants' motion for summary judgment, and to dismiss the portion of the plaintiffs' claims that arose from the abscess and infection suffered by the wife-plaintiff, as described in the complaint.

Following the denial of post-trial motions (by the Honorable Frederica Massiah-Jackson), the defendants filed *three* separate appeals to the Superior Court. The first, from that denial itself, was docketed by the Superior Court at number 2464 EDA 2000. Judge Massiah-Jackson has already filed an opinion in support of her decision, which I mention only for the sake of completeness.

The second appeal—which was taken from my June 21, 1999 order,[1] thus necessitating this opinion—was docketed by the Superior Court at number 2466 EDA 2000.

---

1. At the time that I considered this motion, defendant Methodist Hospital had been stipulated out of the case; all of the remaining defendants had joined in the motion, but because I did not dismiss *all claims* as to *all defendants,* my order only became appealable after the remainder of the case was tried to a verdict, and post-trial motions were disposed of. Thus measured, the notice of appeal from my order was timely, even though it was filed more than a year after its entry.

The third appeal, docketed by the Superior Court at number 2467 EDA 2000, was taken from an order entered on March 31, 1999 by the Honorable Jacqueline Allen, denying the defendants' motion to compel discovery, specifically certain documents for which the attorney-client privilege was asserted. Similarly, Judge Allen has already issued an opinion in support of her decision, and I therefore mention the third appeal only for the sake of clarity.

Because the *defendants* have appealed, and the plaintiffs have not, I will also briefly discuss why I *denied* the remainder of the defendants' motion, though—from a practical standpoint—the jury verdict in favor of the plaintiff at trial strongly (if not conclusively) indicates that my decision was correct.

On August 14, 1992, plaintiff Janice Rota delivered her first child, by caesarean section, at Methodist Hospital. Shortly thereafter, she began to complain of pain in her lower back, heavy bleeding, diarrhea and fever, but she was nevertheless discharged from Methodist on August 18, 1992.

On August 24, 1992, Ms. Rota—who was still experiencing those symptoms—visited the defendants' office, and was examined by Dr. Jenofsky, who discovered a large pelvic abscess behind her uterus. She was readmitted to Methodist Hospital on that same day; a pelviscopy was performed on August 31, 1992, and a JP drain was installed to drain the abscess, and the plaintiff was discharged from Methodist on September 7, 1992.

The plaintiffs' suit was filed on August 6, 1997, nearly five years after the treatment described above; the statute of limitations for tort claims is, of course, *two* years.

I granted the defendants' motion for summary judgment on the plaintiffs' claims arising from the treatment rendered to Ms. Rota in 1992, because it is clear from the face of the plaintiffs' complaint that the existence of those claims was—or should have become—clear to the plaintiffs at or about the time that Ms. Rota experienced the symptoms described above, or at the absolute latest, in August, 1993 when she met with counsel to discuss the filing of a lawsuit.

There is thus no basis to apply a "discovery rule" to toll the statute of limitations as to those claims, and—because they are clearly time-barred—my decision to dismiss them was proper.

By the same token, it was *not* clear from the record (as it existed at the time that I considered the motion) that Ms. Rota *knew* (or should have known), at any time before October, 1996 (when, the parties agree, Dr. Gocial so advised her) that she would be unable to again conceive naturally.

In short, the defendants' argument turns on their contention that the abscess and infection suffered by Ms. Rota in 1992 (for which the statute of limitations was *not* tolled) placed her on notice of *all* claims possibly arising from her August, 1992 treatment, and that if the statute of limitations expired as to *some* of those claims, it must be treated as having expired as to *all* of those claims, thus barring the infertility claim as well.

Summary judgment is reserved for the clearest of cases, in which reasonable minds could reach but one conclusion. Based upon the parties' submissions, I felt that the nature and extent of the plaintiffs' knowledge regarding the infertility claims presented a factual dis-

pute that could only properly be resolved by a jury, and in such instances, summary judgment is inappropriate,

Because I had no further role in the disposition of this case, I will defer to my colleagues, Judges Allen and Massiah-Jackson, on the remaining issues raised in post-trial motions.